UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:03CV-745-H

WILLIAM BRUCE HOLT                                                                  PLAINTIFF

V.

TEK (AMERICA), INC.                                                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The pending motion for leave to amend requires the Court to consider the circumstances in which either changing the name of or adding a new party will relate back to the original complaint for statute of limitations purposes under Rule 15(c) of the Federal Rules of Civil Procedure.

Plaintiff filed suit in state court on the last day of the limitation period, October 15, 2003, alleging claims of negligent design, manufacture and installation against four related defendants: Toray Industries (America), Inc., Toray Marketing and Sales (America), Inc., Toray Plastics (America), Inc. and TEK (America), Inc.  All of the original Defendants were independent companies related to Toray Industries, Inc. based in Japan.  Defendants timely removed to federal court.  Subsequent discovery has identified an existing party, TEK (America), Inc. ("TEA"), as the one that installed the shrink wrap machine which is the subject of the litigation. Plaintiff has said that the most probable cause of the injuries was negligent installation of the machine.  On May 20, 2004, as part of their discovery responses, several of the Defendants identified a non-party,  Toray Engineering Co. Ltd. ("Toray Engineering") as the one that

designed and manufactured the machine. Toray Engineering is an independent company, related to the other Toray entities. On August 9, 2004, this Court entered an Agreed Order of Dismissal as to three Defendants, Toray Industries (America), Inc., Toray Marketing and Sales (America), Inc. and Toray Plastics (America), Inc., due to their non-involvement in the case. The dismissals left only TEA as a Defendant. Eleven months later, on July 11, 2005, Plaintiff moved for leave to file an amended complaint adding Toray Engineering as a Defendant. Plaintiff seeks the amendment in order to avoid later "finger pointing" by TEA. Through counsel, TEA has opposed the amendment as futile.

To avoid the statute of limitations, the proposed amended complaint must meet the requirements of Rule 15(c). That Rule provides:

> (c) **Relation Back of Amendments**. An amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The purpose of the rule is to allow amendments changed in the name of a party to relate back to the date of the original complaint. The rule establishes the requirements for relation back of amendments to the date of an original pleading.

The Court must first consider whether the amendment making Toray Engineering a party defendant in these circumstances is one permitted to relate back. Relying upon *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996) and *Lee v. Toshiba Machine Company of America,* 804 F.Supp. 1029 (E.D. Tenn. 1992), Defendant argues that the amendment here is not one that the rule permits because it adds a new defendant, rather than merely changing the name of an existing one. The Court concludes that neither the rule nor its application here are quite so straightforward.

In *Cox v. Treadway,* the Sixth Circuit concluded that an amendment replacing a "John Doe" defendant with that of a named party amounts to adding a party, which is impermissible under Rule 15(c) because it does not satisfy the Rule's "mistaken identity" requirement. The logic of *Cox* is impeccable in its circumstances:   where a potential defendant is unknown and a "John Doe" listed merely as a place holder, the identity of that defendant is not "mistaken" as Rule 15 requires, but rather is, in fact, unknown. However, Defendant argues for a "hard and fast" rule that to add a party does not comply with Rule 15(c) under any circumstances. The Court sees the *Cox* holding as more limited to its facts.

*Cox* makes perfect sense on its own facts.  It is more difficult to understand as a rigid rule against adding parties.  A recent district court opinion from Tennessee decided a similar Rule 15(c) issue without reference to *Cox*.  See *Azzolini v. Corts Trust II*, 2005 WL 2253971 (Sept. 16, 2005 E.D. Tenn.), at p. 11.  The district court allowed an amendment substituting related

parties, noting that "the corporate relationships are complicated." *Id.* Both language of Rule 15(c) and logic suggests that the focus should rest on whether an amendment seeks to correct a mistaken identity, not whether the pleading technically either adds a party or changes a name. The Court reaches this conclusion notwithstanding the decision of a district court from this circuit in *Lee v. Toshiba Machine Company of America*. In that case, the district court determined that the replacement of two American Toshiba entities with two Japanese Toshiba entities amounted to an adding of parties and, therefore, the amendment did not relate back under 15(c). The court took an extremely narrow view of the Rule, concluding that "plaintiff was simply in error about who manufactured what. There was no misnomer." *Lee,* 804 F.Supp. at 1035. In this Court's view, *Lee* took too narrow a view of the Rule. Rule 15(c) does not focus literally upon whether a party is added or a name changed, but rather focuses upon the changing of a name that arises from a mistaken identity. Thus, the Court concludes that Plaintiff's motion should not be denied merely because it adds a party.

      In this case, Plaintiff named four Toray related entities in the original complaint. After discovery and disclosure of Toray Engineering's role, three of those Toray entities were dismissed. It can be fairly concluded that among the Toray entities, Plaintiff was mistaken in the original complaint as to which one was responsible for design of the shrink wrap equipment that caused the accident. Because Plaintiff's original complaint alleged negligent design, representatives of Toray Engineering surely knew that their company was the intended target of the complaint. Had Plaintiff, upon learning of Toray Engineering's involvement, immediately moved to dismiss the three uninvolved Defendants and moved to add Toray Engineering as a Defendant, the result would be relatively clear. In that instance, Plaintiff would be exchanging

4

one Toray related company for another as a defendant.

To relate back, the amendment must first meet the requirements of Rule 15(c)(2). Certainly, it does here because the claims are precisely the same as those in the original complaint. Next, Toray Engineering certainly received timely initial notice of the claims. In our case, Plaintiff alleged negligent design against numerous Toray entity companies from the very inception of the lawsuit. Plaintiff sued Toray Industries with the same or similar agents and attorneys as Toray Engineering. Therefore, Toray Engineering, through its close relationships with other Toray entities, officials, employees, agents and legal advisors, undeniably knew of the lawsuit within the time provided under Rule 4(m). Given the number of corporate entities under the Toray umbrella, it is not surprising that Plaintiff might make a mistake about which Toray entity performed particular acts or was responsible for particular duties. The resolution of the motion would be relatively easy had Plaintiff acted to amend his complaint at the time he deleted three of the original defendants. To have added another defendant with a similar name would be similar to changing the name of a party due to mistaken identity. Plaintiff failed to do so.

After learning of Toray Engineering's correct identity and role, Plaintiff waited over a year to assert claims against it. The Court concludes that the delay resulted from a conscious decision not to pursue his design defect claim against any party. Thus, the passing of a year suggests that Plaintiff's failure to name Toray Engineering was a choice, not a case of mistaken identity. Over a year later, Plaintiff's reasons for filing his amended complaint are different. No longer is the request due to a mistaken identity; his real reason is to avoid "finger pointing" by TEA.

Moreover, during that extended time, Toray Engineering undoubtedly came to assume

that it was no longer subject to a claim. Plaintiff focused his attentions on the negligence installation claim and made no effort to pursue his defective design claim. At this point, it cannot be said that Toray Engineering should have known that Plaintiff would bring an action against it. For these reasons, the Court concludes that Plaintiff's current motion for leave to amend cannot meet the requirements of Rule 15(c).

Finally, whether to grant such a motion is always at the Court's discretion. Plaintiff has focused on the negligent design aspect of the case for well over a year. When he did not immediately make Toray Engineering a party defendant particularly after dropping the other defendants, one would assume that he no longer intended to assert claims for defective design. Even though the trial is still ten months away, Toray Engineering is prejudiced by believing for well over a year that Plaintiff had narrowed the focus of his claims.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is DENIED.

cc:     Counsel of Record